**United States Bankruptcy Court**
**Western District of Virginia**

**IN RE:**                                                                    Case No. **10-51590**
**Troise, Joseph L.**                                                         Chapter **13**
Debtor(s)

## CHAPTER 13 PLAN AND RELATED MOTIONS

This plan, dated **February 15, 2011**, is:

☐ the first Chapter 13 plan filed in this case.
☐ a modified Plan that replaces the
  ☐ confirmed or ☒ unconfirmed Plan dated **September 28, 2010**.

Date and Time of Modified Plan Confirmation Hearing:

April 6, 2011 at 2:00 PM

Place of Modified Plan Confirmation Hearing:

Federal Courthouse, 3rd Flr, 116 N. Main St, Harrisonburg, VA

The plan provisions modified by this filing are:

Funding of plan; inclusion of vehicle in Paragraph 5

Creditors affected by this modification are:

All unsecured creditors, BB&T

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

  Total Assets: $ **1,261,397.44**
  Total Non-Priority Unsecured Debt: $ **378,201.55**
  Total Priority Debt: $ **0**
  Total Secured Debt: $ **997,070.57**

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ **727.34** per **month** for **60** months. Other payments to the Trustee are as follows:

   The total amount to be paid into the Plan is $ **43,640.40**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.
   **A. Administrative Claims under 11 U.S.C. § 1326.**
      1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $ **0.00** balance due of the total fee of $ **2,500.00** concurrently with or prior to the payments to remaining creditors.
   **B. Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Kimberly Troise** | **Domestic support** | 3858.74 | paid outside of plan |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection**

**Payments, and Payment of certain Secured Claims.**

**A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Estimated Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **None** | | | | |

**B. Real or Personal Property to be Surrendered.** Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Bank Of America** | **801 Stonewall St., Lexington, VA** | **556,909.02** | **556,909.02** |
| **Bank Of America** | **508 South Main St, Lexington, V** | **174,485.46** | **174,485.46** |
| **Bank Of America** | **508 South Main St, Lexington, V** | **248,814.54** | **248,814.54** |

**C. Adequate Protection Payments.** The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **None** | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):** This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. Of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **None** | | | | |

**E. Other Debts.** Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

**A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **9.30** %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **8.41** %.

**B. Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **None** | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **BB&T** | 2006 Ford Explorer | 355.60 | 0 | | 0 | 0 |

    **B. Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | MonthlyPayment on Arreargae & Est. Term |
|---|---|---|---|---|---|
| **None** | | | | | |

    **C. Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **None** | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A. Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **De Lage Landen Financial Services** | **This is a contingent, business debt** |
| **Standard Capital Corp** | **This is a contingent, business debt** |
| **Key Equipment Finance Inc** | **This is a contingent, business debt** |

    **B. Executory Contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **CPR, LLC** | **lease on residence, 137 Norfolk Ave, Roanoke, VA** | 0 | | |

7. **Liens Which Debtor(s) Seek to Avoid.**

    **A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|

**None**

**B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

**None**

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

Dated: **February 10, 2011**

**/s/ Donald M. Burks**
Debtor(s)' Attorney

**/s/ Joseph L. Troise**
Debtor

Joint Debtor

**Ellen M. Arthur & Associates, P.C.**
**729 North Lee Highway**
**Lexington, VA  24450**
**(540) 463-2052**

**Exhibits:**   Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Certificate of Service

I certify that on **February 15, 2011**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Donald M. Burks**
Signature

**Ellen M. Arthur & Associates, P.C.**
**729 North Lee Highway**
**Lexington, VA  24450**
**(540) 463-2052  Fax: (540) 463-249**

Ver. 09/17/09 [effective 12/01/09]

Amanda Crotty
354 Salem Ave
Roanoke, VA  24016

American Express
PO Box 981537
El Paso, TX  79998

American Express
PO Box 981540
El Paso, TX  79998

Bank Of America
Home Loans
P O Box 5170
Simi Valley, CA  93062-5170

Bank Of America
Home Loans
Po Box 5170
Simi Vally, CA  93062-5170

Bank Of America
Attn: Bankruptcy NC4-105-03-14
Po Box 26012
Greensboro, NC  27410

Bank Of Rockbridge
PO Box 674824
Marietta, GA  30006-0005

Bank Of Rockbridge
1550 N Brown Rd, Suite 150
Lawrenceville, GA  30043

BB&T
P O Box 1847
Wilsom, NC  27894

Biehl & Biehl, Inc
Attn: Lexington Ob/Gyn Account
Po Box 87410
Carol Stream, IL  60188-7410

Branch B And T
Po Box 2306
Wilson, NC  27894

Brian D. Maxwell
C/O Wayne Heslep, Esq.
7 Courthouse Square
Lexington, VA  24450

Bryan D. Maxwell
C/O Wayne Heslep, Esq.
7 Courthouse Square
Lexington, VA  24450

Cabela's Club Visa
PO Box 82519
Lincoln, NE  68501-2519

Cabela's Visa
Customer Service
PO Box 82608
Lincoln, NE  68501

Carilion Labs
Acc: Lexington OBGYN PC
213 S Jefferson St
Roanoke, VA  24011

Centurylink
Acc#5404633153127
Po Box 1319
Charlotte, NC  28201

Chase Bank USA
800 Brooksedge Blvd
Westerville, OH  43081

Chase Bank USA
Cardmember Services
PO Box 15153
Wilmington, DE  19886-5153

Commissioner Of Revenue
City Of Lexington
300 E Washington St
Lexington, VA  24450

Cornerstone Bank
457 East Nelson Street
Lexington, VA  24450

CPR, LLC
1349 Deercreek Dr
Bedford, VA  24523

CuraScript
Acc: Lexington OBGYN PC
255 Technology Park
Lake Mary, FL  32746

De Lage Landen Financial Services, Inc
1111 Old Eagle School Rd
Wayne, PA  19087

De Lage Landen Financial Services, Inc
PO Box 41602
Philadelphia, PA  19101-1602

Dex One
Acc: Lexington OBGYN
PO Box 660834
Dallas, TX  75266-0834

Dian Neal
194 Ownes Rd

Essex Bank
744 North Lee Highway

Punxsutawney, PA  15767

IRS
Insolvency Unit
400 North 8th St, Box 76
Richmond, VA  23219-0000

Johnson & Johnson Health Care Sys, Inc
Acc: Lexington OBGYN PC
PO Box 406663
Atlanta, GA  30384-6663

Kimberly Troise
801 Stonewall Street
Lexington, VA  24450

Lexington OB/Gyn, PC
110 Houston St
Lexington, VA  24450

North Shore Agency, Inc
270 Spagnoli Rd
Melville, NY  11747

Reader's Digest
Select Editions
PO Box 70045
Prescott, AZ  86304-7045

Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA  23462

Standard Capital Corp
Attn: Lease Dept.
16 Haverhill St
Andover, MA  01810

The Roanoke Times
Acc: Lexington OBGYN PC
201 W. Campbell Ave
Roanoke, VA  24010-2491

Timothy J. Heaphy, U.S. Attorney
Western Disrtrict Of Virginia
PO Box 1709
Roanoke, VA  24008-1709

Virginia Department Of Taxation
PO Box 1880
Richmond, VA  23218-1880

Wachovia Bank, National Association
Mail Code VA7628
Po Box 13327
Roanoke, VA  24040

Lexington, VA  24450

IRS
Department Of  Treasury
PO Box 21126
Philadelphia, PA  19114

Key Equipment Finance Inc
100 S. McCaslin Blvd
Superior, CO  80027

Lexington OB/Gyn, PC
C/O Thomas Palmer, Esq.
Po Box 14125
Roanoke, VA  24038

McKesson Specalty Care Distribution
Cust No 1000076734
15212 Collections Center Dr
Chicago, IL  60693

Paraguard Direct
Acc: Lexington OBGYN PC
12601 Collections Center Drive
Chicago, IL  60693

Richard Wolf Financial Services
877 South Adams Road
Birmingham, MI  48009

Sovereign Bank
PO Box 14833
Reading, PA  19612-4833

The Berry Company
Acc: Lexington OBGYN PC
188 Inverness Drive West
Englewood, CO  80112

TheraCom
Acc: Lexington OBGYN PC
9717 Key West Ave
Rockville, MD  20850

US Trustee's Office
Frist Campbell Sq
210 First St, Suite 505
Roanoke, VA  24011

Wachovia
201 S. Jefferson St
Roanoke, VA  21011

B6I (Official Form 6I) (12/07)

IN RE **Troise, Joseph L.** _____   Case No. **10-51590** _____
                                                            Debtor(s)                                                      (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Separated** | RELATIONSHIP(S):<br>**Daughter**<br>**Son**<br>**Daughter** | AGE(S):<br>**13**<br>**11**<br>**8** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Physician** | |
| Name of Employer | **Lewis Gale HCA** | |
| How long employed | | |
| Address of Employer | **9100 Arboretum Parkway, Suite 140**<br>**Richmond, VA  23236** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)      DEBTOR    SPOUSE

1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly)  $ **16,666.65**  $ _____
2. Estimated monthly overtime  $ _____  $ _____
3. **SUBTOTAL**  $ **16,666.65**  $ _____
4. LESS PAYROLL DEDUCTIONS
   a. Payroll taxes and Social Security  $ **5,753.50**  $ _____
   b. Insurance  $ **133.41**  $ _____
   c. Union dues  $ _____  $ _____
   d. Other (specify)  **See Schedule Attached**  $ **724.06**  $ _____
        $ _____  $ _____
5. **SUBTOTAL OF PAYROLL DEDUCTIONS**  $ **6,610.97**  $ _____
6. **TOTAL NET MONTHLY TAKE HOME PAY**  $ **10,055.68**  $ _____

7. Regular income from operation of business or profession or farm (attach detailed statement)  $ _____  $ _____
8. Income from real property  $ _____  $ _____
9. Interest and dividends  $ _____  $ _____
10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above  $ _____  $ _____
11. Social Security or other government assistance
   (Specify) _____  $ _____  $ _____
   _____  $ _____  $ _____
12. Pension or retirement income  $ _____  $ _____
13. Other monthly income
   (Specify) _____  $ _____  $ _____
   _____  $ _____  $ _____
   _____  $ _____  $ _____

14. **SUBTOTAL OF LINES 7 THROUGH 13**  $ _____  $ _____
15. **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14)  $ **10,055.68**  $ _____

16. **COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)  $ **10,055.68**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Listed income is based upon employment starting in Oct 2010.**

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Troise, Joseph L. _____ Case No. **10-51590** _____
Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

|  | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: | | |
| **401K** | **666.66** | |
| **Dental** | **16.51** | |
| **STD** | **40.89** | |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE **Troise, Joseph L.** _____   Case No. **10-51590** _____
                                          Debtor(s)                                                                                   (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☑ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ **2,000.00** |
|     a. Are real estate taxes included?   Yes ____ No ✓ | |
|     b. Is property insurance included?   Yes ____ No ✓ | |
| 2. Utilities: | |
|     a. Electricity and heating fuel | $ **355.00** |
|     b. Water and sewer | $ **70.00** |
|     c. Telephone | $ **40.00** |
|     d. Other **See Schedule Attached** | $ **274.00** |
| | $ |
| 3. Home maintenance (repairs and upkeep) | $ **50.00** |
| 4. Food | $ **500.00** |
| 5. Clothing | $ **50.00** |
| 6. Laundry and dry cleaning | $ **50.00** |
| 7. Medical and dental expenses | $ **200.00** |
| 8. Transportation (not including car payments) | $ **500.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ **92.00** |
| 10. Charitable contributions | $ **20.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ **50.00** |
|     b. Life | $ **150.00** |
|     c. Health | $ |
|     d. Auto | $ **100.00** |
|     e. Other _____ | $ |
| | $ |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|     (Specify) **Personal Property Tax** | $ **20.00** |
| | $ |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ **355.60** |
|     b. Other _____ | $ |
| | $ |
| 14. Alimony, maintenance, and support paid to others | $ **3,858.74** |
| 15. Payments for support of additional dependents not living at your home | $ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ |
| 17. Other **See Schedule Attached** | $ **593.00** |
| | $ |
| | $ |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.    $ **9,328.34**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
Debtor and Spouse in process of divorce which is not yet final. Child support, spousal support, and division of debt/property not yet complete and subject to change.
Attorney fees for continuing representation in divorce and business disolution. Expect total of approxamately $15,000 in fees.
Medical/Dental expenses reflect costs for Debtor and half of co-pays for children.
Transprotation expenses of $500. Debtor has medical practice that is out of three different offices in Roanoke and Lexington.
Food expense reflects costs of meals eaten in hospital when on duty or on call, and three children on visitation.
Phone and cell phone expenses reflect requirement to be "on call" for medical duties.
$92 for Clubs/REcreation is for YMCA membership. As a result of protracted divorce prceedings, closing down practice, and bankruptcy, Debtor has been diagnosed with hypertension and given doctor's orders to establish and execute a regular and frequent exercise program.

**20. STATEMENT OF MONTHLY NET INCOME**
| | |
|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ **10,055.68** |
|     b. Average monthly expenses from Line 18 above | $ **9,328.34** |
|     c. Monthly net income (a. minus b.) | $ **727.34** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B6J (Official Form 6J) (12/07)**

IN RE **Troise, Joseph L.**_____    Case No. **10-51590**_____
                                                Debtor(s)                                                                                  (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

                                          **SPOUSE**

1. Rent or home mortgage payment (include lot rented for mobile home)     $ _____
    a. Are real estate taxes included?    Yes ____    No ✓
    b. Is property insurance included?    Yes ____    No ✓
2. Utilities:
    a. Electricity and heating fuel     $ _____
    b. Water and sewer     $ _____
    c. Telephone     $ _____
    d. Other _____     $ _____
    _____     $ _____
3. Home maintenance (repairs and upkeep)     $ _____
4. Food     $ _____
5. Clothing     $ _____
6. Laundry and dry cleaning     $ _____
7. Medical and dental expenses     $ _____
8. Transportation (not including car payments)     $ _____
9. Recreation, clubs and entertainment, newspapers, magazines, etc.     $ _____
10. Charitable contributions     $ _____
11. Insurance (not deducted from wages or included in home mortgage payments)
    a. Homeowner's or renter's     $ _____
    b. Life     $ _____
    c. Health     $ _____
    d. Auto     $ _____
    e. Other _____     $ _____
    _____     $ _____
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____     $ _____
    _____     $ _____
13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan)
    a. Auto     $ _____
    b. Other _____     $ _____
    _____     $ _____
14. Alimony, maintenance, and support paid to others     $ _____
15. Payments for support of additional dependents not living at your home     $ _____
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)     $ _____
17. Other _____     $ _____
    _____     $ _____
    _____     $ _____

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.     $ _____

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**Spouse maintains a separate household.  Debtor provides court ordered support but all expenses and income are separate.**

**20. STATEMENT OF MONTHLY NET INCOME**
    a. Average monthly income from Line 15 of Schedule I     $ _____**0.00**
    b. Average monthly expenses from Line 18 above     $ _____**0.00**
    c. Monthly net income (a. minus b.)     $ _____**0.00**

**IN RE** Troise, Joseph L.      Case No. **10-51590**

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Utilities
| | |
|---|---|
| **Cell Phone** | **114.00** |
| **Internet** | **40.00** |
| **Cable** | **110.00** |
| **Garbage** | **10.00** |

Other Expenses
| | |
|---|---|
| **Personal Care** | **50.00** |
| **Attorney Fees** | **250.00** |
| **Accounting** | **40.00** |
| **Gifts For Children** | **50.00** |
| **Home Security Alarm** | **70.00** |
| **Pet Supplies - Food/Vet/Grooming** | **25.00** |
| **Eyeglasses** | **58.00** |
| **Professional Continuing Medical Education** | **50.00** |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only